873 F.2d 1450
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
BUSINESS RECORDS CORPORATION, and Cronus Industries, Inc.,
Plaintiffs-Appellees,
v.
RANSOM F. SHOUP & CO., INC., Defendant-Appellant.
 No. 89-1132.
 United States Court of Appeals, Federal Circuit.
 Feb. 2, 1989.
 
 Before RICH, NIES and PAULINE NEWMAN, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 ORDER
 
 1
 Business Records Corporation, Cronus Industries, Inc. (BRC) moves to dismiss the appeal of Ranson F. Shoup & Co., Inc. (Shoup). Shoup opposes the motion.
 
 
 2
 BRC filed a complaint in the United States District Court for the Eastern District of Pennsylvania charging Shoup with patent infringement. Shoup answered asserting various affirmative defenses and counterclaimed for antitrust violations, patent infringement by BRC, and other state law claims.
 
 
 3
 BRC moved for partial summary judgment on Shoup's state law and patent infringement counterclaims. That motion remains pending in the district court. Shoup moved for partial summary judgment on the basis of noninfringement of BRC's patent, unenforceability of BRC's patent due to inequitable conduct, and invalidity of BRC's patent.
 
 
 4
 On November 2, 1988, the district court ruled, denying Shoup's motion. It further struck Shoup's affirmative defense that pleaded invalidity under 35 U.S.C. Sec. 102(b) and sua sponte entered summary judgment for BRC, the nonmoving party, on the issue. The order stated in part:
 
 
 5
 The defendant cannot prevail on its contentions that there was "public use," "public sale" and/or "publication" more than one year before the date of plaintiff's application for the patent ... On the issue of invalidity under 35 U.S.C. Sec. 102(b), summary judgment is entered in favor of plaintiff and against the defendant; that defense is stricken. In all respects, the motion for summary judgment is DENIED.
 
 
 6
 Shoup then appealed from the district court's November 2, 1988 order.
 
 
 7
 Here, Shoup argues that the order is appealable under the Gillespie exception to the final judgment rule. See Gillespie v. United States Steel Corp, 379 U.S. 148 (1964). However, this case does not meet the requirements for interlocutory appeal.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 BRC's motion to dismiss is granted.